PEOPLE v LEE

Docket No. 197532. Submitted January 6, 1999, at Detroit. Decided January 15, 1999, at 9:05 A.M.

Albert Lee, Jr., pleaded guilty in the Genesee Circuit Court of delivery of less than fifty grams of cocaine. The court, Robert M. Ransom, J., sentenced the defendant to 4-1/2 to 20 years' imprisonment. The next day, the defendant was sentenced in the Genesee Circuit Court by a different judge for convictions in an unrelated case of possession of less than twenty-five grams of cocaine and possession of marijuana. The defendant moved for resentencing with regard to the sentence imposed by Judge Ransom, arguing that the sentencing guidelines had been improperly scored. The motion was granted and Judge Ransom resentenced the defendant to 2-1/2 to 20 years' imprisonment, to be served consecutively to the sentences imposed in the unrelated case. The Court of Appeals granted the defendant's delayed application for leave to appeal, the sole issue on appeal being the consecutive nature of the sentence imposed on resentencing.

The Court of Appeals held:

1. The court properly held that MCL 333.7401 (3); MSA 14.15 (7401) (3) required it to impose a consecutive sentence on resentencing.

2. The statute clearly mandates consecutive sentencing for any sentence imposed for a major controlled substance felony after a defendant has been sentenced for any other felony. The statute draws no distinction between an original sentence and a sentence imposed on resentencing. The only relevant inquiry is whether, at the time of sentencing for an offense enumerated in subsection 7401(3), the defendant has already been sentenced for another felony.

Affirmed.

1. CONTROLLED SUBSTANCES — SENTENCES — CONSECUTIVE SENTENCES — WORDS AND PHRASES — ANOTHER FELONY.

The term "another felony" as used in MCL 333.7401(3); MSA 14.15(7401)(3) includes any felony for which the defendant has been sentenced either before or simultaneously with the controlled

substance felony enumerated in subsection 7401(3) for which the defendant is currently being sentenced.

2. CONTROLLED SUBSTANCES — SENTENCES — RESENTENCING — CONSECUTIVE SENTENCES.

MCL 333.7401(3); MSA 14.15(7401)(3) mandates consecutive sentencing for any sentence imposed for a major controlled substance felony after a defendant has been sentenced for any other felony; subsection 7401(3) draws no distinction between an original sentence and one imposed on resentencing; the subsection requires consecutive sentencing on resentencing where, at the time of a defendant's original sentence for a major controlled substance felony the defendant had not received any other sentence, the defendant is subsequently sentenced for any other felony, and the defendant is thereafter resentenced for the major controlled substance conviction.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Arthur A. Busch*, Prosecuting Attorney, *Donald A. Kuebler*, Chief, Appeals, Research, and Training, and *Earl R. Spuhler*, Assistant Prosecuting Attorney, for the people.

*Kathryn L. Simmons, P.C.* (by *Kathryn L. Simmons*), for the defendant on appeal.

Before: HOEKSTRA, P.J., and DOCTOROFF and O'CONNELL, JJ.

PER CURIAM. Defendant pleaded guilty of delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), pursuant to a plea agreement whereby charges in an unrelated case were reduced. We granted his delayed application for leave to appeal. He challenges the consecutive nature of his 2½-to 20-year sentence imposed on resentencing. We affirm.

Defendant was originally sentenced in the instant case on March 14, 1995, to a term of 4½ to 20 years' imprisonment. On March 15, 1995, he was sentenced

in an unrelated case by a different judge to 1½ to 4 years' imprisonment for possession of less than twenty-five grams of cocaine and one year for possession of marijuana. Defendant thereafter moved for resentencing in the instant case, arguing that the sentencing guidelines had been improperly scored. The parties stipulated that a scoring error had occurred, and defendant was granted resentencing. On August 30, 1995, the trial court resentenced defendant to 2-1/2 to 20 years' imprisonment for his delivery conviction and ordered that the sentence be served consecutively to the felony sentences previously imposed on March 15, 1995, in the unrelated case. The trial court determined that consecutive sentencing was required by MCL 333.7401(3); MSA 14.15(7401)(3).

Defendant's sole argument on appeal is that the trial court erred in determining that it was required to impose a consecutive sentence on resentencing where, at the time of his original sentencing, no other sentence existed to which a consecutive sentence could be imposed. Defendant contends that the trial court had no authority to impose a consecutive sentence under subsection 7401(3), because the prerogative of consecutive sentencing is accorded only to the court last in time to impose a sentence. Whether consecutive sentencing is authorized by subsection 7401(3) is a question of law, which we review de novo. *People v Denio*, 454 Mich 691, 698; 564 NW2d 13 (1997).

A consecutive sentence may be imposed only if specifically authorized by statute. *People v Chambers*, 430 Mich 217, 222; 421 NW2d 903 (1988). Subsection 7401(3), provides, in relevant part:

A term of imprisonment imposed pursuant to subsection
(2)(a) or section 7403(2)(a)(i), (ii), (iii), or (iv) shall be
imposed to run consecutively with any term of imprison-
ment imposed for the commission of another felony.

The primary goal of judicial interpretation of stat-
utes is to ascertain and to give effect to the intent of
the Legislature. *People v Stanaway*, 446 Mich 643,
658; 521 NW2d 557 (1994). The Legislature is pre-
sumed to have intended the meaning it plainly
expressed. *People v Roseburgh*, 215 Mich App 237,
239; 545 NW2d 14 (1996). If statutory language is
clear, judicial construction is normally neither neces-
sary nor permitted, and the statute must be enforced
as it is written. *Denio, supra* at 699; *Roseburgh,
supra* at 239.

The term "another felony," as used in subsection
7401(3), includes "any felony for which the defendant
has been sentenced either before or simultaneously
with the controlled substance felony enumerated in §
7401(3) for which a defendant is currently being sen-
tenced." *People v Morris*, 450 Mich 316, 320; 537
NW2d 842 (1995). The intent of the Legislature in
enacting subsection 7401(3) was to deter the commis-
sion of certain enumerated controlled substance
offenses by requiring that sentences imposed for the
enumerated offenses run consecutively to sentences
imposed for other felonies. *Morris, supra* at 327.

By its clear terms, subsection 7401(3) mandates
consecutive sentencing for any sentence imposed for
a major controlled substance felony *after* a defendant
has been sentenced for any other felony. *People v
Hardy*, 212 Mich App 318, 323; 537 NW2d 267 (1995).
Subsection 7401(3) draws no distinction between an
original sentence and a sentence imposed on resen-

tencing. The only relevant inquiry under the statute is whether, at the time of sentencing for the enumerated offense, the defendant has already been sentenced for another felony. Because the language of the statute is clear, it must be enforced as written. *Denio, supra* at 699; *Roseburgh, supra* at 239. Further, we fail to see how limiting the scope of subsection 7401(3) to original sentences, thereby excluding sentences imposed on resentencing, would further the legislative intent of deterring the commission of the enumerated criminal offenses.

Here, at the time defendant was resentenced on August 30, 1995, he was already serving sentences for other felonies, those sentences having been imposed on March 15, 1995. Accordingly, under subsection 7401(3), any sentence imposed by the trial court on August 30, 1995, was required to be imposed to run consecutively to defendant's prior felony sentences. *Hardy, supra* at 323. Therefore, the trial court did not err in imposing a consecutive sentence.

We find that defendant's reliance on *Chambers, supra,* and *People v Cuppari (After Remand),* 214 Mich App 633, 637; 543 NW2d 68 (1995), is misplaced. In *Chambers,* our Supreme Court construed the statutory language of MCL 768.7b; MSA 28.1030(2), which is markedly different from the language of subsection 7401(3). *People v Hunter,* 202 Mich App 23, 26; 507 NW2d 768 (1993). In addition, the comments in *Cuppari* regarding the effect of resentencing are inapplicable to consecutive sentencing under subsection 7401(3). Again, there is no language in subsection 7401(3) limiting its applicability to original sentences.

We acknowledge defendant's policy argument that affirming his consecutive sentence may have a chil-

ling effect on a defendant's decision whether to exercise his right to challenge an otherwise improper sentence. However, "arguments that a statute is unwise or results in bad policy should be addressed to the Legislature." *People v Kirby*, 440 Mich 485, 493-494; 487 NW2d 404 (1992). Under the Michigan Constitution, the judiciary is limited to implementing statutes, and the power to enact laws is vested in the Legislature alone. *In re Manufacturer's Freight Forwarding Co*, 294 Mich 57, 63; 292 NW 678 (1940).

Affirmed.