# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 18, 2012

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

145142

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellee,

v                                                          SC: 145142
                                                           COA: 302335
                                                           Oakland CC: 2008-221029-FH
BRIAN JAMES VEILLEUX,
            Defendant-Appellant.

_____/

On November 14, 2012, the Court heard oral argument on the application for leave to appeal the March 29, 2012 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and we REMAND this case to the Oakland Circuit Court for it to correct the judgment of sentence by striking those provisions making the sentences for contempt consecutive to each other and consecutive to defendant's sentence for the underlying felony. "A consecutive sentence may be imposed only if specifically authorized by statute." *People v Lee*, 233 Mich App 403, 405 (1999). Contrary to the lower courts' holdings, MCL 768.7a(1) does not specifically authorize the consecutive sentences imposed here. MCL 768.7a(1) only applies to "[a] person who is incarcerated in a penal or reformatory institution in this state, or who escapes from such an institution." When defendant committed the contempts of court at issue here, he was not at the time incarcerated in a penal or reformatory institution and he was not an escapee. Finally, we are not persuaded that defendant waived the issue of whether his contempt sentences were properly imposed consecutively to each other by not raising it when he was originally sentenced. After defendant was originally sentenced, the order appointing appellate counsel only referenced defendant's drug sentence; it did not mention the contempt sentences and appellate counsel withdrew from the case without addressing the contempt sentences. The ex parte motion to rescind the order appointing him does not suggest that he discussed anything involving the contempt sentences with defendant. However, after defendant was sentenced for his probation violation and the contempt sentences were reimposed, the order appointing new appellate counsel *did* mention the contempt sentences, and defendant's attorney *did* challenge such sentences. Given these circumstances, we hold that the challenges to the contempt

sentences have been properly preserved. Because we hold that the trial court erred in imposing consecutive sentences under MCL 768.7a(1),[1] and because defendant has already served his concurrent sentences, it is unnecessary for us to address whether under the circumstances of this case the trial court acted properly in holding defendant in contempt multiple times.

---

[1] Because the lower courts relied on MCL 768.7a(1) in imposing the consecutive sentences, we need not address whether another authority, statutory or otherwise, exists for the imposition of consecutive sentences in this case.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 18, 2012

Clerk

t1217