# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

THOMAS WILLIAM WOOTEN,

Defendant-Appellant.

UNPUBLISHED
October 29, 2015

No.   321600
Macomb Circuit Court
LC No.   2013-003648-FC

Before:  METER, P.J., and WILDER and RONAYNE KRAUSE, JJ.

PER CURIAM.

A jury convicted defendant of one count each of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a), and using a computer to commit a crime, MCL 752.796.  The trial court sentenced defendant to consecutive prison terms of 25 to 50 years for the CSC I conviction and 160 months to 20 years for the unlawful use of a computer conviction, with those sentences to be served consecutive to a sentence defendant was already serving for a federal conviction.  Defendant appeals as of right.  We affirm defendant's convictions and sentence for first-degree criminal sexual conduct, but vacate his sentence for unlawful use of a computer and remand for resentencing on that conviction and for correction of the sentencing information report for the first-degree CSC conviction in accordance with this opinion.

Defendant was charged with CSC I for having his daughter perform oral sex on him in the bathroom of their home.  The offense was recorded on a "smart" telephone and a male could be heard instructing the child while performing the act.  Defendant's face did not appear in the recording and he could not be identified based on the body parts that were visible in the video, however witnesses identified defendant by his voice on the recording.  Defendant was also charged with using a computer to commit a crime, namely, production of child sexually abusive material.  That charge was based on defendant's use of the smart phone to record the child performing oral sex.  The prosecution also offered evidence of still photographs that defendant took of the child, which he posted to a website in order to gain access to additional child pornography, as well as other photographs and recordings of child pornography that defendant had downloaded from the Internet.

The Federal Bureau of Investigations (FBI) initially started an investigation when agents in other states discovered that photographs of defendant's daughter had been uploaded to a website, and that activity was traced to the home that defendant shared with a roommate in

-1-

Macomb Township. The FBI and local police agencies executed a search warrant at the house, which led to the discovery of the smart phone video of the child performing oral sex on an adult male penis. Defendant was questioned by authorities and admitted to downloading images from the Internet, and agents recovered a thumb drive that was hidden in defendant's bedroom that contained more than 1,500 images and 200 recordings of child sexually abusive material. The smart phone recording was not discovered until after the police concluded their questioning of defendant, therefore defendant was not questioned about the video recording. Because the male person in the smart phone recording was not visible, this case focused on the identification of that individual. The prosecution relied primarily on witnesses familiar with defendant to identify him by his voice on the recording. The defense conceded that defendant was involved in viewing child pornography, however argued that he was not involved with the video recording found on his telephone.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the evidence was insufficient to support his convictions for both offenses. A challenge to the sufficiency of the evidence is reviewed de novo. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). An appellate court's review does not turn on whether there was "any evidence to support the conviction, but whether there was sufficient evidence to justify a rational trier of fact in finding" the defendant guilty beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). The evidence must be reviewed in a light most favorable to the prosecution. *Id*. at 515. "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses," *People v Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005), and all conflicts in the evidence must be resolved in favor of the prosecution. *People v Jackson*, 292 Mich App 583, 587-588; 808 NW2d 541 (2011).

Defendant first argues that the evidence was insufficient to prove that he was the person in the video recording who directed the child victim in performing the act of oral sex. Identity is an element of every offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). "Positive identification by witnesses may be sufficient to support a conviction of a crime." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). The credibility of evidence and witnesses, including identification testimony, is a question for the trier of fact to resolve and this Court will not resolve the issue anew. *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013); *Davis*, 241 Mich App at 700.

Multiple witnesses who were familiar with defendant's voice identified the person appearing in the video recording as defendant based upon his voice. This testimony was sufficient to identify defendant as the person engaged in the sexual act with the minor child. Furthermore, other circumstantial evidence supported the conclusion that defendant was the person in the video recording. The video recording was discovered on defendant's cell phone, the person in the video used the term, "baby doll," which defendant commonly used to refer to his daughter, and the background in the video was consistent with the main bathroom in defendant's home at the time. Accordingly, the evidence was sufficient to support defendant's conviction for CSC I.

Defendant also argues that the evidence was insufficient to support his conviction for using a computer to commit a crime, which was based on his commission of the underlying crime of production of child sexually abusive material, MCL 750.145c(2). Defendant does not dispute that the making of a video recording of a child performing an act of oral sex constitutes the production of child sexually abusive material, contrary to MCL 750.145c(2). He argues, however, that the evidence did not support his conviction for use of a computer to commit that crime because there was no evidence that he communicated with another person or shared the video with another person. We note that MCL 750.145d prohibits a person from using the Internet or a computer "to communicate with any person for the purpose of doing" certain prescribed offenses, which include both production of child sexually abusive material and first-degree CSC. However, defendant was not charged with violating MCL 750.145d. Rather, he was charged with violating MCL 752.796(1), which simply states that "[a] person shall not use a computer program, computer, computer system, or computer network to commit, attempt to commit, conspire to commit, or solicit another person to commit a crime." Unlike MCL 750.145d, MCL 752.796(1) does not require that the defendant use a computer to communicate with another person. Defendant's "smart" phone qualifies as a "computer" under MCL 752.792(3), which defines a "computer" as

> any connected, directly interoperable or interactive device, equipment, or facility that uses a computer program or other instructions to perform specific operations including logical, arithmetic, or memory functions with or on computer data or a computer program and that can store, retrieve, alter, or communicate the results of the operations to a person, computer program, computer, computer system, or computer network.

The evidence that defendant used his smart phone to video record his daughter performing an act of oral sex was sufficient to support his conviction of using a computer to commit the crime of production of child sexually abusive material.

## II. GREAT WEIGHT OF THE EVIDENCE

Defendant also argues that the jury's verdict was against the great weight of the evidence. Defendant did not raise this issue in a motion for a new trial, and this Court previously denied defendant's motion to remand with respect to this issue. *People v Wooten*, unpublished order of the Court of Appeals, entered May 19, 2015 (Docket No. 321600). Accordingly, this issue is not preserved. *People v Cameron*, 291 Mich App 599, 617-618; 806 NW2d 371 (2011). Because the issue is unpreserved, this Court will review it only for plain error affecting defendant's substantial rights. *People v Musser*, 259 Mich App 215, 218; 673 NW2d 800 (2003).

In *Musser,* 259 Mich App at 218-219, this Court explained:

> The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. *People v McCray,* 245 Mich App 631, 637; 630 NW2d 633 (2001). "Conflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial." *People v Lemmon*, 456 Mich 625, 647; 576 NW2d 129

(1998). "[U]nless it can be said that directly contradictory testimony was so far impeached that it 'was deprived of all probative value or that the jury could not believe it,' or contradicted indisputable physical facts or defied physical realities, the trial court must defer to the jury's determination." *Id*. at 645-646 (citation omitted).

Defendant's great-weight argument is merely a restatement of his previous claim that the evidence was legally insufficient. He does not offer any additional support for his position that the jury's verdict is against the great weight of the evidence. As explained previously, the evidence was sufficient to support the jury's verdict; accordingly, the jury's verdict cannot be said to be against the great weight of the evidence. Therefore, defendant has not shown a plain error.

### III. CONSECUTIVE SENTENCING

Defendant argues that the trial court lacked the legal authority to order his sentences to be served consecutive to each other, and consecutive to his federal sentences. We disagree.

"A consecutive sentence may be imposed only if specifically authorized by statute." *People v Lee*, 233 Mich App 403, 405; 592 NW2d 779 (1999). Whether consecutive sentencing is authorized is a question of law, which this Court reviews de novo. *Id.*; see also *People v Denio*, 454 Mich 691, 698; 564 NW2d 13 (1997) (issues of statutory interpretation are reviewed de novo).

Defendant first argues that MCL 750.520b(3) did not authorize the trial court to order his sentences for CSC I and unlawful use of a computer to be served consecutively. MCL 750.520b(3) provides:

> The court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction.

Defendant argues that his conviction for unlawful use of a computer did not arise from the same transaction as the CSC I offense. The basis for defendant's argument is that there was no evidence that he sent the video recording to someone else. As previously discussed, defendant's conviction for unlawful use of a computer did not require that the video be sent to or shared with another person. To be authorized to impose consecutive sentences under MCL 750.520b(3), it was only necessary that the two crimes arise from the same transaction. In *People v Ryan*, 295 Mich App 388, 402-403; 819 NW2d 55 (2012), this Court explained:

> The term "same transaction" is not statutorily defined; however, it has developed a unique legal meaning. Accordingly, it is appropriate to examine judicial interpretations of the terminology. *Flick*, 487 Mich at 11; *McCormick*, 487 Mich at 192; *Powell*, 280 Mich at 703. Two or more separate criminal offenses can occur within the "same transaction." *People v Nutt*, 469 Mich 565, 578 n 15; 677 NW2d 1 (2004) (" 'It is not of unfrequent occurrence, that the same individual, at the same time, and in the same transaction, commits two or more distinct crimes . . . ' ") (citation omitted). To find otherwise would be

-4-

nonsensical, as consecutive sentencing provisions such as MCL 750.520b(3), MCL 750.110a(8), and MCL 750.529a(3) would be rendered meaningless. In the double-jeopardy context, our Supreme Court in *People v Sturgis*, 427 Mich 392, 401; 397 NW2d 783 (1986), alluding to the same-transaction test, stated that the test in part required the joining of charges that "grew out of a continuous time sequence." Although *Nutt*, 469 Mich at 568, subsequently rejected the same-transaction test in favor of the same-elements test for purposes of defining the term "same offense" in our Constitution as part of a double-jeopardy analysis, the *Sturgis* Court's definition that touched on the meaning of "same transaction" remains viable and useful in the context of simply defining the term "same offense."

Additionally, in *People v Johnson*, 474 Mich 96; 712 NW2d 703 (2006), the Court construed analogous statutory language that concerned acts "arising out of the sentencing offense," as that phrase is used in MCL 777.41(2)(a). MCL 777.41 governs the scoring of OV-11 under the legislative sentencing guidelines. The *Johnson* Court held:

> [W]e have previously defined "arising out of" to suggest a causal connection between two events of a sort that is more than incidental. We continue to believe that this sets forth the most reasonable definition of "arising out of." Something that "aris[es] out of," or springs from or results from something else, has a connective relationship, a cause and effect relationship, of more than an incidental sort with the event out of which it has arisen. [*Johnson*, 474 Mich at 101.]

The evidence showed that defendant used a computer (i.e., his smart phone) to video record his daughter performing an act of first-degree CSC. This evidence clearly demonstrates that defendant's use of a computer arose from the same transaction that involved his commission of CSC I. Accordingly, the trial court was authorized to impose consecutive sentences under MCL 750.520b(3).

Defendant also argues that the trial court erred in ordering his sentences in this case run consecutive to his federal sentences. The trial court also relied on MCL 750.520b(3) as authority for ordering consecutive sentences. The federal sentences were based on convictions arising from defendant's posting of photos of his daughter on a pornographic website. The evidence indicated that defendant posted the photos of his daughter to a website to gain access to other child pornography online. In the email that included the attachments of his daughter's photos, defendant stated that he would "like to trade," that he has "a three year old that loves the cam," that he "takes requests," and that he would love to "share private pics." This evidence demonstrates a connective relationship between defendant's video recording of his daughter's sexual act and the other photographs of his daughter. Accordingly, the trial court did not err in ordering that both sentences in this case run consecutive to defendant's federal sentences.

IV. THE SENTENCING GUIDELINES

Defendant argues that resentencing is required because the trial court scored the offense variables on the basis of impermissible judicial fact-finding, contrary to *Alleyne v United States*, ___ US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), and also because there was no evidence to support the trial court's scoring of prior record variable (PRV) 5 and offense variable (OV) 12. Defendant preserved these issues by raising them in a motion to remand. MCR 6.429(C); *People v McChester*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 318145), lv pending; slip op at 2.

Initially, relying on *Alleyne*, defendant argues that the trial court's scoring of OV 4, OV 10, OV 12, and OV 13, was improper because those scoring decisions required judicial fact-finding, and were not based on facts found by the jury or admitted by defendant. Our Supreme Court recently determined in *People v Lockridge*, ___ Mich ___; ___ NW2d ___ (2015) (Docket No. 149073), that *Alleyne* applies to this state's sentencing guidelines and renders them unconstitutional to the extent that they "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e. the 'mandatory minimum' sentence under *Alleyne*." *Lockridge*, ___ Mich ___; slip op at 1-2. To remedy the constitutional violation, the Court severed MCL 769.34(2) to the extent that it makes the guidelines, as scored based on facts beyond those admitted by the defendant or found by the jury, mandatory. *Id.* at ___; slip op at 2. The Court explained that a sentencing court must still score the guidelines to determine the applicable guidelines range, but a guidelines range calculated in violation of *Alleyne* is now advisory only. *Id.* at ___; slip op at 2.

The trial court scored the guidelines only for defendant's first-degree CSC conviction. First-degree CSC is a class A offense. MCL 777.16y. As scored by the trial court, defendant received 30 PRV points, placing him in PRV Level D (25 – 49 points), and 70 OV points, placing him in OV Level IV (60 – 79 points). Those scores placed him in the D-IV cell of the applicable sentencing grid, for which the minimum sentence range is 126 to 210 months. MCL 777.62. Defendant's OV scores were based on 10 points for OV 4 (serious psychological injury to a victim requiring professional treatment), MCL 777.34(1)(a); 10 points for OV 10 (exploitation of a victim's youth or abuse of the offender's authority status), MCL 777.40(1)(b); 25 points for OV 12 (three or more contemporaneous criminal acts against a person were committed), MCL 777.42(1)(a); and 25 points for OV 13 (the offense was part of a pattern of criminal activity involving 3 or more crimes against a person), MCL 777.43(1)(c). Although none of the facts underlying the scoring of these variables were found by the jury or admitted by defendant, we conclude that defendant is not entitled to sentencing relief under *Lockridge*.

The rule of *Alleyne* only applies to judicial fact-finding that *mandatorily* increases a minimum sentence. Where a defendant receives a "sentence that did not rely on the minimum sentence range from the improperly scored guidelines . . . the defendant cannot show prejudice from any error in scoring the OVs in violation of *Alleyne*." *Lockridge*, ___ Mich at ___; slip op at 31. In this case, although the guidelines range of 126 to 210 months was calculated on the basis of judicial fact-finding, the trial court did not rely on that range when sentencing defendant for first-degree CSC. The court instead imposed a sentence that was statutorily mandated by MCL 750.520b(2)(b) (requiring a minimum sentence of no less than 25 years for a violation committed by a person 17 years of age or older against an individual less than 13 years of age). The sentencing guidelines statute provides that "[i]f a statute mandates a minimum sentence for

-6-

an individual sentenced to the jurisdiction of the department of corrections, the court shall impose sentence in accordance with that statute." MCL 769.34(2)(a). Thus, the trial court was required to impose a minimum sentence in accordance with MCL 750.520b(2)(b), regardless of the guidelines range. The trial court sentenced defendant in accordance with that statute. Therefore, because defendant's sentence was not affected by impermissible judicial fact-finding in violation of *Alleyne*, defendant is not entitled to sentencing relief based on *Alleyne*.

Defendant also argues that resentencing is required because there was no evidence to support the trial court's scoring of PRV 5 and OV 12. When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

Prior record variable 5 allows a court to score five points for two prior misdemeanor convictions, and two points for one prior misdemeanor conviction. MCL 777.55(1)(d) and (e). Defendant argues that the trial court should have scored only two points, rather than five points, for PRV 5. Defendant's presentence investigation report (PSIR) indicates that defendant has two prior misdemeanor convictions, one for malicious destruction of personal property with a value of $200 or more, but less than $1,000, and one for domestic violence. Defendant argues that the domestic violence conviction should not have been counted because the PSIR indicates that he entered a plea and was sentenced on that charge to one year of probation under MCL 769.4a on December 27, 2001, and he was discharged on October 22, 2002. A conviction discharged under MCL 769.4a(5) shall not be counted as a conviction "for purposes of disqualifications or disabilities imposed by law upon conviction of a crime," except for domestic assaults under MCL 750.81 and MCL 750.81a. But as further explained below, an error in the scoring of PRV 5 does not require resentencing.

Defendant received 25 points for OV 12, which assesses points for contemporaneous felonious criminal acts. The trial court scored OV 12 at 25 points, which is required where "[t]hree or more contemporaneous felonious criminal acts involving a crime against a person were committed." MCL 777.42(1)(a). An act is contemporaneous if it occurred within 24 hours of the sentencing offense and has not and will not result in a separate conviction. MCL 777.42(2)(a)(i) and (ii). The basis for the trial court's scoring of this variable is not clear from the record. Defendant was charged with and convicted of multiple offenses arising out of the FBI's investigation, including federal charges for production of child pornography (two counts), distribution of child pornography (two counts), receipt of child pornography, and possession of child pornography. Any contemporaneous felonies involving these charges appear to have resulted in separate convictions, and the record fails to disclose any other facts that would support the scoring of OV 12. Accordingly, we conclude that OV 12 was incorrectly scored at 25 points and should be reduced to zero points.

We conclude, however, that resentencing for the first-degree CSC conviction is not required. Defendant concedes that the scoring of PRV 5 did not affect his guidelines range. A scoring error that does not affect the appropriate guidelines range does not require resentencing. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). Further, as previously indicated, the trial court imposed a minimum sentence that was mandated by MCL 750.520b(2)(b). Therefore, any error in scoring PRV 5 or OV 12 could have no impact on

defendant's sentence. This is true even though a 25-point reduction for OV 12 will affect the guidelines range. Regardless of the guidelines range, the trial court was required by MCL 769.34(2)(a) to impose a minimum sentence in accordance with the first-degree CSC statute, MCL 750.520b(2)(b), which it did in this case. Accordingly, defendant is not entitled to resentencing on his conviction for first-degree CSC. However, we remand for correction of the sentencing information report to reflect the proper scoring of the OVs for defendant's first-degree CSC conviction. *People v Melton*, 271 Mich App 590, 593, 596; 722 NW2d 698 (2006), (stating "a scoring error may still affect a defendant through such things as its effect on the calculation of parole eligibility")(superseded by statute on other grounds).

Although defendant does not directly raise the issue, we conclude that resentencing is warranted on the unlawful use of a computer conviction because the trial court ordered consecutive sentences and did not separately score the guidelines for that conviction. Pursuant to MCL 777.21(2) and MCL 771.14(2)(e)(*i*), the court was required to separately score the guidelines "[f]or each conviction for which a consecutive sentence is authorized or required." As explained previously, consecutive sentences were authorized by MCL 750.520b(3). Therefore, the trial court was required to separately score the guidelines for the unlawful use of a computer conviction. The trial court instead imposed the maximum sentence allowed by law for that conviction, to be served consecutive to the mandatory minimum sentence for first-degree CSC, without determining the appropriate guidelines range for that conviction. Therefore, we vacate defendant's sentence for unlawful use of a computer and remand for resentencing on that conviction. See *People v Alfaro*, 497 Mich 1024; 863 NW2d 39 (2015). On remand, defendant shall be resentenced in conformity with the requirements of *Lockridge*. See *Lockridge*, ___ Mich at ___; slip op at 35.

Affirmed in part, vacated in part, and remanded for correction of the sentencing information report and resentencing in accordance with this opinion. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Kurtis T. Wilder
/s/ Amy Ronayne Krause