*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MALIK LETROY WEBB,

Defendant-Appellant.

UNPUBLISHED
February 25, 2020

No. 346408
Genesee Circuit Court
LC No. 18-043289-FH

Before: BORRELLO, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Defendant was convicted by jury of carrying a concealed weapon (CCW), MCL 750.227, felon in possession of a firearm, MCL 750.224f, felon in possession of ammunition, MCL 750.224f(6), and two counts of possession of a firearm during the commission of a felony ("felony-firearm"), MCL 750.227b. The trial court sentenced defendant, as a second-offense habitual offender, MCL 769.10, to concurrent terms of 24 to 90 months' imprisonment for the felon in possession convictions, to be served consecutively to concurrent terms of to 28 to 90 months' imprisonment for the CCW conviction and two years' imprisonment for the felony-firearm convictions. For the reasons set forth in this opinion, we affirm defendant's convictions and sentences.

## I. BACKGROUND

This case arises from a traffic stop conducted on a car owned and operated by defendant on April 28, 2018. On that date, defendant was driving his car with his girlfriend, Ziair Coe as a passenger and Michigan State Trooper (MSP) Coon was assigned to patrol the City of Flint. Coon testified that at around 3:45 a.m. he saw defendant's car with a defective headlight. His partner, Trooper Fill, who was driving the MSP marked patrol car, initiated a stop on defendant's vehicle. Coon and Fill made contact with defendant, who they later identified as the driver. Coon noticed a handgun underneath Coe's seat and he also saw a loaded magazine near the handgun. Defendant and Coe were ordered out of the vehicle and were handcuffed. Fill testified he then advised

-1-

defendant of his *Miranda*[1] rights, and defendant thereafter told Fill that he was aware that the handgun was in his automobile, and defendant further acknowledged that he was not permitted to be in possession of any firearms or ammunition. Defendant and Coe both explained to the officers that the handgun belonged to Coe, who initially told officers she had a permit to carry the weapon. However, after a check revealed that Coe did not have any such license, defendant acknowledged that his DNA would probably be found on the gun.

Following a jury trial defendant was convicted and sentenced as stated above. This appeal then ensued.

## II. ANALYSIS

On appeal, defendant raises several issues. First, through counsel, defendant argues that the trial court violated his due process rights by failing to properly score PRV-5 and PRV-7. Counsel requests this Court remand for resentencing. Defendant also filed a Standard 4 Brief,[2] and in it, he makes numerous assertions that his counsel was ineffective, and that he did not receive a fair trial due to prosecutorial misconduct.

We begin our analysis of defendant's arguments by examining whether he is entitled to resentencing because the trial court improperly assessed prior record variable (PRV) 5 and PRV 7 during sentencing.

"In reviewing a trial court's calculation of a defendant's sentencing guidelines score, this Court reviews factual determinations for clear error, and factual determinations must be supported by a preponderance of the evidence." *People v Anderson*, 322 Mich App 622, 634; 912 NW2d 607, citing *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011), citing *People v Burrell*, 417 Mich 439, 449; 339 NW2d 403 (1983). " 'Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo.' " *Anderson*, 322 Mich App at 634, quoting *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

Defendant argues that the trial court erred when it assessed five points for PRV 5 during sentencing because he did not have two prior misdemeanor juvenile adjudications. Five points are assessed under PRV 5 if "[t]he offender has 2 prior misdemeanor convictions or prior misdemeanor juvenile adjudications . . . ." MCL 777.55(1)(d). Defendant correctly notes that his presentence investigation report (PSIR) did not list two previous misdemeanor juvenile adjudications. Nonetheless, defendant's PSIR does list two prior adult misdemeanor convictions,

---

[1] [1] *Miranda v Arizona*, 384 US 436, 444; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[2] Such briefs are filed pursuant to Administrative Order No. 2004-6. Standard 4, 471 Mich cii (2005) and commonly referred to as a Standard 4 Brief.

one for "Retail Fraud" in April 2015 and one for "Reckless Use of Firearm" in September 2015. Therefore, the trial court did not err because defendant had two prior misdemeanor convictions.

Defendant also asserts that the trial court erred when it assessed 20 points for PRV 7, maintaining that it should not have scored his CCW conviction as that conviction resulted in a mandatory consecutive sentence. PRV 7 addresses "subsequent or concurrent felony convictions." MCL 777.57(1). Twenty points are assessed if "[t]he offender has 2 or more subsequent or concurrent convictions . . . ." MCL 777.57(1)(a). MCL 777.57(2)(b) directs the trial court to "not score a felony[-]firearm conviction in this variable," and MCL 777.57(2)(c) directs the trial court to "not score a concurrent felony conviction if a mandatory consecutive sentence . . . will result from that conviction."

As to when a trial court may impose a consecutive sentence, this Court has stated: "A consecutive sentence may be imposed only if specifically authorized by law." *People v Gonzalez*, 256 Mich App 212, 229; 663 NW2d 499 (2003), citing *People v Lee*, 233 Mich App 403, 405; 592 NW2d 779 (1999). "MCL 750.227b(3) provides that a felony-firearm sentence shall be served consecutive with the sentence imposed for '*the* [underlying] felony or attempt to commit *the* felony.' " *People v Coleman*, 327 Mich App 430, 441; ___ NW2d ___ (2019) (alteration in original). "A felony-firearm sentence must therefore be served consecutive with the sentence for the one predicate felony." *Id*. "Because there is no statute mandating that a sentence for a CCW conviction run consecutively to a sentence for a felony-firearm conviction, the sentence should run concurrently." *People v McCrady*, 213 Mich App 474, 486; 540 NW2d 718 (1995).

Here, the predicate felonies for defendant's felony-firearm convictions were felon in possession of a firearm and felon in possession of ammunition. Defendant's sentencing information report lists defendant's CCW conviction as the sentencing offense. Defendant's amended judgment of sentence ordered that defendant's felon in possession sentences run consecutively to defendant's felony-firearm sentences.

Defendant argues that the trial court should not have considered defendant's conviction of CCW when it assessed points under PRV 7 because that sentence resulted in a mandatory consecutive sentence. Defendant's arguments regarding his CCW conviction do not address the fact that defendant had concurrent felony convictions of felon in possession of a firearm and felon in possession of ammunition. As this Court stated in *People v Terrell*, 312 Mich App 450, 468-469; 879 NW2d 294 (2015); rev'd in part on other grounds, 501 Mich 903 (2017) in response to a similar argument:

> Defendant's argument is directed at the interpretation of the legislative sentencing guidelines, which presents a legal question that we review de novo. The instructions for PRV 7 only precluded the trial court from relying on the felony-firearm conviction for purposes of scoring PRV 7. The instructions did not preclude the court from relying on defendant's remaining felony convictions. In addition to his felony-firearm conviction, defendant stood convicted of three counts of assault with intent to do great bodily harm less than murder, resisting or obstructing a police officer, and felon in possession of a firearm, all of which are felonies and none of which resulted in a consecutive sentence. Thus, defendant had at least two

concurrent felony convictions that could be considered for purposes of PRV 7. Therefore, the trial court properly assigned 20 points to PRV 7.

We stress that here, as in *Terrell*, in addition to defendant's convictions for CCW, defendant had convictions for two additional, concurrent felonies, felon in possession of a firearm and felon in possession of ammunition. Additionally, since neither conviction of felon in possession of a firearm or felon in possession of ammunition will result "in a mandatory consecutive sentence," MCL 777.57(2)(c), the trial court did not err in accessing 20 points under PRV 7. *Terrell*, 312 Mich App at 469.

Next, in his Standard 4 Brief, defendant argues that he was denied the effective assistance of counsel. Since defendant did not preserve this claim by filing a motion for a new trial or a *Ginther*[3] hearing to develop a record to support the claim,[4] *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000), "our review is limited to the facts on the record." *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000), citing *People v Hedelsky*, 162 Mich App 382, 387; 412 NW2d 746 (1987). The record on appeal "consists of 'the original papers filed in that court or a certified copy, the transcript of any testimony or other proceedings in the case appealed, and the exhibits introduced.' " *People v Gingrich*, 307 Mich App 656, 659 n 1; 862 NW2d 432 (2014), quoting MCR 7.210(A)(1). Whether the facts establish a violation of the defendant's constitutional right to the effective assistance of counsel is a question of constitutional law de novo. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).

This Court evaluates claims of ineffective assistance of counsel using the standard established in *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). *People v Hoag*, 460 Mich 1, 5-6; 594 NW2d 57, 59 (1999), citing *People v Pickens*, 446 Mich 298; 521 NW2d 797 (1994). "A defendant seeking relief for ineffective assistance in this context must meet *Strickland's* familiar two-pronged standard by showing (1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014), quoting *Lafler v Cooper*, 566 US 156, 162; 132 S Ct 1376; 182 L Ed 2d 398 (2012). "The defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *Douglas*, 496 Mich at 592, citing *Hoag*, 460 Mich at 6.

Defendant argues that his trial counsel was constructively absent during the proceedings and that as such, defendant was denied the effective assistance of counsel. Specifically, defendant argues that his trial counsel failed to file any pretrial motions pertaining to the traffic stop, failed to adequately argue the effect of Coe not testifying at the preliminary examination, and relied entirely on the prosecution's evidence without performing any independent investigations into the claims against defendant. Moreover, defendant argues he was denied effective assistance because

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[4] Through counsel, defendant filed a motion to remand this matter to the trial court pursuant to MCR 7.211(C)(1), requesting that the trial court provide additional basis for its sentencing decisions under PRV 5 and PRV 7. This Court denied that motion in an order on March 20, 2019.

his trial counsel failed to challenge testimony regarding the videorecording of the traffic stop and defendant's *Miranda* waiver, and request jury instructions regarding witness credibility and weighing conflicting evidence.

Record evidence reveals that during the traffic stop, defendant was advised of his *Miranda* rights when the officer read aloud a "department issued card." Defendant was subsequently interviewed and revealed that "he knew the gun" was in his automobile and that "he was a felon and he wasn't supposed to be in any kind of possession of guns or ammunition," and that he was not carrying a firearm "for protection." Defendant argues that his trial counsel should have filed a motion "to limit" the prosecution's presentation of these statements, regardless of whether such a motion would have been successful, because the prosecution did not present any evidence that defendant executed a written waiver of his *Miranda* rights and the videorecording of the traffic stop did not show a "proper" waiver. However, the officer testified that he advised defendant of his *Miranda* rights, and afterwards, that defendant voluntarily spoke to him during an interview. Defendant does not explain how his waiver of his *Miranda* rights was improper. We discern no argument from defendant that he was not advised of his rights under *Miranda*, hence we cannot discern any error by trial counsel for not filing a motion seeking exclusion of relevant evidence. Because defendant has failed to provide the applicable legal framework for considering his claim or any argument demonstrating that a motion to suppress would have been appropriate or likely to succeed, defendant has abandoned this argument on appeal. *People v Henry*, 315 Mich App 130, 148; 889 NW2d 1 (2016), quoting *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).

Relatedly, defendant requests a remand for a *Ginther* hearing pertaining to this argument. Under MCR 7.211(C)(1), a motion to remand must be filed "within the time provided for filing the appellant's brief," and such a motion "must be supported by affidavit or offer of proof regarding the facts to be established at a hearing." Thus, defendant's request for a *Ginther* hearing is improper, as it was not filed as a separate motion within the time provided for filing his brief on appeal, and he has not supported his request with an affidavit or an offer of proof. Defendant has additionally failed to demonstrate that a remand for a *Ginther* hearing is warranted.

Defendant next asserts that his trial counsel failed to perform an independent investigation before trial. He notes that the prosecution did not call Coe as a witness during his preliminary examination, but does not explain how that fact demonstrates that his trial counsel failed to perform an independent investigation. We note that defense counsel filed a discovery request pertaining to the prosecution's evidence against defendant in June 2018. Defendant does not explain what other matters or items his trial counsel should have investigated or procured before trial. Instead, he merely contends that counsel was required to perform an independent investigation based on his professional obligations under MRPC 1.3, which provides: "A lawyer shall act with reasonable diligence and promptness in representing a client." Since counsel promptly requested discovery materials from the prosecution, defendant has failed to show what further investigation should have been undertaken or that the investigation undertaken was deficient, and has therefore failed to establish his claim of ineffective assistance.

Similarly, defendant argues that his trial counsel failed to "investigate" the videorecording of the traffic stop or procure an expert witness to examine the videorecording to determine whether it had been edited. While the videorecording was played during trial, the prosecutor paused it and

asked the officer why there was "no noise" during a portion of the videorecording. He replied that "sometimes the mics [sic], they cut out and they come back in," and he assumed it was "some kind of technical error or something like that." There was no evidence indicating that the videorecording was edited. The failure "to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010), citing *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000). Defendant's trial counsel was not required to procure an expert witness to analyze the videorecording when such an act would have been futile. Moreover, defendant fails to provide any explanation as to the necessity of an expert witness under these circumstances.

Defendant briefly suggests that the prosecution and defendant's trial counsel erred when they permitted the officer to explain why the videorecording lacked sound in certain segments without having an expert witness analyze it. Defendant does not explain why an expert witness would have been required, and he does not elaborate on how the lack of such an expert witness showed a deficient performance that was outcome-determinative. Therefore, we cannot find any basis on which we could conclude that defendant has established a claim of ineffective assistance.

Defendant asserts that his trial counsel should have requested M Crim JI 3.6 (witness credibility) and M Crim JI 5.2 (weighing conflicting evidence). However, those jury instructions were included among the preliminary jury instructions, and the trial court included those specific jury instructions when it subsequently instructed the jury. Defendant has failed to demonstrate that trial counsel was ineffective for failing to request the instructions where the jury received them.

To the extent defendant asserts that he was constructively denied counsel, defendant's assertion fails. "[I]in [*United States v*] *Cronic*, [466 US 648, 659-662; 104 S Ct 2039; 80 L Ed 2d 657 (1984)], the United States Supreme Court identified three rare situations in which the attorney's performance is so deficient that prejudice is presumed." *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007), cert den 552 US 1071 (2007), citing *Cronic*, 466 US at 659. "One of these situations involves the complete denial of counsel, such as where the accused is denied counsel at a 'critical stage' of the proceedings." *Frazier*, 478 Mich at 243, citing *Cronic*, 466 US at 659. "The other two situations in which prejudice is presumed are as follows: (1) 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing'; and (2) where counsel is called upon to render assistance under circumstances where competent counsel very likely could not." *Frazier*, 478 Mich at 243 n 10, quoting *Cronic*, 466 US at 659-660. Accordingly, a constructive denial of counsel occurs when "counsel is provided but does nothing, that is, no actual assistance for the accused's defence is provided, in that counsel entirely fails to subject the prosecution's case to meaningful adversarial testing . . . ." *People v Mitchell*, 454 Mich 145, 154; 560 NW2d 600 (1997), citing *Cronic*, 466 US at 654, 659 (quotation marks omitted). " 'For purposes of distinguishing between the rule of *Strickland* and that of *Cronic,* [the] difference is not of degree but of kind.' " *Frazier*, 478 Mich at 243, quoting *Bell v Cone*, 535 US 685, 697; 122 S Ct 1843; 152 L Ed 2d 914 (2002) (alteration in original). "The *Cronic* test applies when the attorney's failure is *complete,* while the *Strickland* test applies when counsel failed at specific points of the proceeding." *Frazier*, 478 Mich at 244, citing *Bell*, 535 US at 697. "*Cronic* applies in 'circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.' " *Woods v Donald*, __ US __, __; 135 S Ct 1372, 1378; 191 L Ed 2d 464 (2015), citing *Cronic*, 466 US at 658.

During trial, defense counsel conducted voir dire, cross-examined the prosecution's witnesses, and made an opening statement and closing argument wherein he advocated for defendant's acquittal. Additionally, as discussed above, defendant has failed to demonstrate that his trial counsel's performance fell below an objective standard of reasonableness. Therefore, defendant has failed to demonstrate that his trial counsel did nothing and entirely failed to subject the prosecution's case to meaningful adversarial testing.

Defendant next argues in his Standard 4 Brief that he is entitled to a new trial because of prosecutorial misconduct. He failed to preserve these claims with timely and specific objections below, and we conclude that one minor error was cured. See *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011), citing *People v Unger*, 278 Mich App 210, 234-235; 749 NW2d 272 (2008). Accordingly, we find no basis for relief.

Unpreserved claims of prosecutorial misconduct are reviewed for plain error affecting substantial rights. *People v Vandenberg*, 307 Mich App 57, 61; 859 NW2d 229 (2014). To avoid forfeiture under the plain error rule, the defendant must demonstrate that an error occurred, the error was plain, and the plain error affected substantial rights. *People v Buie*, 285 Mich App 401, 407; 775 NW2d 817 (2009), citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third prong requires a showing of prejudice, which occurs when the error affected the outcome of the lower court proceedings." *People v Putman*, 309 Mich App 240, 243; 870 NW2d 593 (2015), citing *Carines*, 460 Mich at 763. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *Carines*, 460 Mich at 763-764, quoting *United States v Olano*, 507 US 725, 736-737; 113 S Ct 1770; 123 L Ed 2d 508 (1993) (quotation marks omitted; alteration in original).

"A prosecutor has committed misconduct if the prosecutor abandoned his or her responsibility to seek justice and, in doing so, denied the defendant a fair and impartial trial." *People v Lane*, 308 Mich App 38, 62; 862 NW2d 446 (2014) (citation omitted). "The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial." *People v Mesik (On Reconsideration)*, 285 Mich App 535, 541; 775 NW2d 857 (2009), citing *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). This Court considers claims of prosecutorial misconduct on a case-by-case basis, and the prosecutor's remarks must be considered in context. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010), citing *People v Akins*, 259 Mich App 545, 562; 675 NW2d 863 (2003).

"Prosecutors are typically afforded great latitude regarding their arguments and conduct at trial," and "[t]hey are generally free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *Unger*, 278 Mich App at 236, citing *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). "A prosecutor's good-faith effort to admit evidence does not constitute misconduct." *Dobek*, 274 Mich App at 70 (citation omitted). "It is well established that 'a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction . . . .'" *People v Smith*, 498 Mich 466, 475-476; 870 NW2d 299 (2015), quoting *Napue v People of State of Illinois*, 360 US 264, 269; 79 S Ct 1173; 3 L Ed 2d 1217 (1959). However, it is defendant's burden to demonstrate that the evidence or testimony was in fact false. See *People v Bass*, 317 Mich App 241, 272; 893 NW2d 140 (2016) (holding that the defendant

failed to show that the testimony elected by the prosecution was actually false). Moreover, "[j]urors are presumed to follow their instructions, and instructions are presumed to cure most errors." *Abraham*, 256 Mich App at 279 (citations omitted).

Defendant first asserts that the jury was potentially "tainted" when the prosecutor incorrectly told the jury that the evidence presented during trial would demonstrate that the handgun was loaded at the time of the traffic stop. However, the officer testified that the handgun was not loaded during the traffic stop, but rather, only the handgun's magazine was loaded, and the magazine was not inside of the handgun at that time. Additionally, the jury was instructed by the trial court that: "Lawyer's statements and arguments are also not evidence. They are only meant to assist you in understanding the evidence and each sides [sic] legal theory. You should only accept things the lawyers say that are supported by the evidence or by your own common sense and general knowledge." While defendant correctly observes that the prosecutor made a misstatement during her opening statement, evidence that corrected the misstatement was introduced during trial, and the trial court instructed the jury that the statements of the prosecutor and defendant's trial counsel were not evidence. Defendant does not explain how the prosecutor's misstatement resulted in a prejudicial effect, or why the trial court's instruction was insufficient to cure any error caused by the prosecutor's misstatement. Therefore, defendant's assertion fails.

Defendant next contends that he was denied a fair trial because the prosecution overlooked the police officers' decision to not scientifically test Coe's blood for intoxication and the handgun for defendant's DNA. Coe testified that defendant picked her up from "a house or a party," and that "[t]he first thing" she said to the officer "was, 'I'm intoxicated." Additionally, a bag of marijuana was discovered during a search of the automobile. During trial, the officer indicated that he did not smell any alcohol on Coe during the traffic stop and that she did not show any signs of being intoxicated. Moreover, during the traffic stop, defendant told the officer that defendant's "DNA would probably be on the gun" because he had "touched and handled the gun before." The officer explained that the handgun was not tested for DNA evidence because of laboratory backlogs and because Coe admitted to owning the handgun and defendant acknowledged it would probably have his DNA on it. During her closing argument, the prosecutor contended that Coe's testimony that she was intoxicated during the traffic stop was unreliable given the officer's testimony and the videorecording of the traffic stop.

Defendant questions why the police did not analyze a sample of Coe's blood given that a bag of marijuana was discovered and Coe testified that defendant had picked her up from a house or a party. While defendant does not precisely provide an explanation as to how this query would have been pertinent, defendant asserts that the prosecutor "expressed repeatedly to the jury" that Coe "was lying in her testimony" so that the prosecutor could "secure a conviction" because the prosecutor "knew full well" that the police failed to test Coe's blood. Defendant has failed to explain why the police were required to test Coe's blood or why it was improper for the prosecutor to rely upon the evidence presented during trial to raise questions regarding Coe's credibility. During a trial, a prosecutor is "generally free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *Unger*, 278 Mich App at 236, citing *Bahoda*, 448 Mich at 282. We discern no error.

Defendant asserts in a cursory fashion that the prosecutor overlooked the failure to test the handgun for DNA evidence. Defendant posits that if the police had done so and that evidence was

presented during trial, then the jury would have been presented with different evidence. However, defendant does not explain how the failure to collect or present DNA evidence resulted in prosecutorial misconduct. Moreover, defendant fails to demonstrate why the prosecutor was required to ensure that the police test the handgun for DNA evidence where defendant admitted that his DNA would likely be present on the handgun, or how any results from a DNA evidence test would have been dispositive during trial. " 'An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.' " *Henry*, 315 Mich App at 148, quoting *Kelly*, 231 Mich App at 640-641. Defendant has failed to develop this argument or provide any legal authority in support of it.

Defendant next argues that the prosecutor committed misconduct by presenting the officer's testimony that defendant waived his *Miranda* rights because there was no corroborating evidence. Defendant asserts that the prosecutor overlooked the officer's "questionable tactics" since there was no other evidence of waiver. However, a prosecutor is "generally free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *Unger*, 278 Mich App at 236, citing *Bahoda*, 448 Mich at 282. Again, defendant has failed to explain why the prosecutor was not free to rely upon the officer's testimony and to make arguments based on that evidence.

Defendant also asserts that the prosecutor confused the jury into believing that he "had a right to infringe or restrict" Coe's right to own a firearm under the Second Amendment of the United States Constitution. Defendant does not identify where in the record the prosecutor raised such an argument, and does not explain how the Second Amendment rights of another person relate to his argument that the prosecutor committed misconduct. " 'An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.' " *Henry*, 315 Mich App at 148, quoting *Kelly*, 231 Mich App at 640-641.

Defendant next argues in his Standard 4 Brief that he is entitled to a new trial because of cumulative error. Generally, this Court reviews a claim of cumulative error "to determine if the combination of alleged errors denied defendant a fair trial." *People v Knapp*, 244 Mich App 361, 387; 624 NW2d 227 (2001) (citations omitted). "The cumulative effect of several minor errors may warrant reversal even where individual errors in the case would not warrant reversal." *Knapp*, 244 Mich App at 388; 624 NW2d 227 (2001) (citations omitted). "In order to reverse on the grounds of cumulative error, the errors at issue must be of consequence," or "[i]n other words, the effect of the errors must have been seriously prejudicial in order to warrant a finding that defendant was denied a fair trial." *Id*. (citations omitted).

As discussed above, defendant has failed to demonstrate that any uncured errors occurred in the trial court. Therefore, defendant's assertion of cumulative error fails. See *People v Gaines*, 306 Mich App 289, 310; 856 NW2d 222 (2014), quoting *Bahoda*, 448 Mich at 292 n 64 ("[o]nly 'actual errors' are aggregated when reviewing a cumulative-error argument."). Because we discern no prejudicial error, it follows that we cannot find cumulative error sufficient to warrant a new trial.

Affirmed.

/s/ Stephen L. Borrello
/s/ Patrick M. Meter
/s/ Michael J. Riordan