PEOPLE v ROSEBURGH

Docket No. 175916. Submitted January 10, 1996, at Grand Rapids. Decided January 19, 1996, at 9:10 A.M.

Danny D. Roseburgh pleaded guilty in the Berrien Circuit Court, Ronald J. Taylor, J., of delivery of less than fifty grams of cocaine relating to a September 13, 1993, transaction. The defendant received an enhanced sentence pursuant to MCL 333.7413; MSA 14.15(7413) on the basis of a prior drug conviction relating to a September 17, 1993, transaction. The defendant appealed, claiming that sentence enhancement could not be based on a crime that occurred after the crime for which sentence was enhanced.

The Court of Appeals *held:*

All that is required for sentence enhancement under MCL 333.7413(5); MSA 14.15(7413)(5) is that the defendant be convicted of another specified drug offense before the conviction for which the enhanced sentence is being imposed. Although the convictions must follow one another, the statute includes no temporal requirement regarding the sequence of the crimes.

Affirmed.

CONTROLLED SUBSTANCES — SECOND OR SUBSEQUENT CONVICTIONS — SENTENCE ENHANCEMENT.

Sentence enhancement for a second or subsequent conviction of a controlled-substance offense, as provided in MCL 333.7413(2); MSA 14.15(7413)(2), may be based on a prior conviction of an offense committed after the offense that is the subject of the second or subsequent conviction and sentence enhancement (MCL 333.7413[5]; MSA 14.15[7413][5]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solcitor General, *Dennis M. Wiley,* Prosecuting Attorney, and *Gerald L. Vigansky,* Assistant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders § 6.

See ALR Index under Habitual Criminals and Subsequent Offenders; Sentence and Punishment.

*Ina G. Zeemering*, for the defendant on appeal.

Before: NEFF, P.J., and SAAD and MARKEY, JJ.

NEFF, P.J. On April 5, 1994, defendant pleaded guilty of delivery of less than fifty grams of cocaine, second offense, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv); MCL 333.7413(2); MSA 14.15(7413)(2), as a result of a drug transaction that occurred on September 13, 1993. At the plea hearing, defendant admitted a previous drug conviction stemming from his drug-related activity on September 17, 1993. Defendant was sentenced to two to forty years in prison. Defendant appeals his conviction and sentence as of right, and we affirm.

The sole issue on appeal is whether MCL 333.7413(2); MSA 14.15(7413)(2) may be applied to enhance a defendant's sentence where the crime resulting in the second conviction occurred before the crime resulting in the first conviction. We conclude that the sequence of the crimes is not relevant for purposes of sentence enhancement under this statute.

MCL 333.7413; MSA 14.15(7413) provides, in relevant part:

> (2) Except as otherwise provided in subsections (1) and (3), an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice the term otherwise authorized or fined an amount not more than twice that otherwise authorized, or both.
>
> *   *   *
>
> (5) For purposes of subsection (2), an offense is considered a second or subsequent offense, if, before conviction of the offense, the offender has at any time, been convicted under this article . . . .

The issue before us is one of statutory interpre-

tation, and the primary goal when interpreting a statute is to ascertain and facilitate the intent of the Legislature. *People v Stanaway,* 446 Mich 643, 658; 521 NW2d 557 (1994). Under the rules of statutory construction, the Legislature is presumed to have intended the meaning it plainly expressed. *People v Cannon,* 206 Mich App 653, 655; 522 NW2d 716 (1994). Where the language of a statute is clear, there is no need for interpretation and courts must apply the statute as written. *Id.*

We find MCL 333.7413(5); MSA 14.15(7413)(5) to be clear. In order to enhance a defendant's sentence under that provision, all that is required is that the defendant was convicted of another specified drug offense before the conviction for which he is being sentenced. Although the convictions must follow one another, the statute includes no temporal requirement regarding the sequence of the crimes and, in the absence of any authority to do so, we decline to add such a requirement.[1]

Accordingly, we hold that the trial court properly enhanced defendant's sentence.

Affirmed.

---

[1] We disagree with defendant's argument that case law construing the habitual offender statute, applied by analogy, requires a different result. See, e.g., *People v Pruess,* 436 Mich 714; 461 NW2d 703 (1990). Not only do we disagree with defendant's reading of those cases, but we conclude that the statutory language is sufficiently different to render those cases inapplicable to the issue presented here.