PEOPLE v ST ANDRE

Docket No. 197587. Submitted August 5, 1997, at Lansing. Decided August 22, 1997, at 9:00 A.M.

Patrick R. St. Andre, charged in the Oakland Circuit Court, David F. Breck, J., with felonious assault and resisting or obstructing a police officer, moved at arraignment to waive his right to a jury trial and seek a bench trial. The prosecution objected to the waiver and indicated that it would comply with the trial court's requirement that the prosecution file a written demand for a jury trial within seven days of arraignment. The case was set for a bench trial after the prosecution failed to file a written demand for jury trial within the required period. The prosecution appealed by leave granted.

The Court of Appeals *held*:

1. MCL 763.3(1); MSA 28.856(1) and MCR 6.401 require the consent of a prosecutor to a defendant's waiver of jury trial before a trial court can approve the waiver of jury trial. The statute does not require a prosecutor who does not consent to a defendant's waiver to file a written objection or a written demand for a jury trial.

2. Although a prosecutor's consent to a defendant's waiver of jury trial may be implied, no such consent can be implied in this case because the prosecution expressed its insistence on a jury trial.

Reversed.

CRIMINAL LAW — JURY TRIALS — PROSECUTION'S CONSENT TO DEFENDANT'S WAIVER OF JURY TRIAL.

A prosecutor does not have to file a written objection to a defendant's waiver of jury trial or a written demand for a jury trial in order to preserve the right to withhold consent to a waiver of jury trial (MCL 763.3[1]; MSA 28.856[1]; MCR 6.401).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Anica Letica*, Assistant Prosecuting Attorney, for the people.

*Cooper, Shifman, Gabe, Quinn & Seymour* (by *Philip H. Seymour*), for the defendant.

Before: .CORRIGAN, C.J., and MARKEY and MARKMAN, JJ.

MARKMAN, J. The prosecution appeals by leave granted an August 28, 1996, order granting defendant's motion for a bench trial over the prosecution's objection. We reverse.

On April 8, 1996, following a preliminary examination, defendant was bound over for trial on charges of felonious assault, MCL 750.82; MSA 28.277, and resisting or obstructing a police officer, MCL 750.479; MSA 28.747. At defendant's circuit court arraignment on May 9, 1996, he entered a plea of not guilty, and a trial date of June 10, 1996, was set. Defendant then indicated that he was prepared to waive a jury and have the case tried by the court. The record reflects the following colloquy between the prosecutor and the court regarding defendant's request for a bench trial:

> *Prosecutor*: Judge, we are going to preserve the right to jury trial. I know this Court requires a written demand for jury trial and I'll file one within the appropriate time period.
> *The Court*: I'll order that it be filed within seven days.
> *Prosecutor*: Thank you, Your Honor.

The record indicates that the prosecutor never filed a written demand for jury trial.

On June 10, 1996, both sides appeared in court and announced they were prepared for trial; a different prosecutor represented the people at this time. The court stated that it was presently involved in another trial and, therefore, would have to adjourn trial until

July 22, 1996. The court also announced, "It will be a bench trial unless the Prosecutor persuades me otherwise." The following colloquy then occurred on the record:

> *Prosecutor*: Judge, I would indicate that you said that on May 9th, 1996, that Prosecutor Neil Rockind was here and that you indicated to him that defense counsel wanted a bench trial and I believe we demanded a jury trial, which is our usual practice.
>
> You indicated you told him he'd have to file a notice within seven days. However, it's my recollection that recently you have accepted our demand on the record, so I'm going to pull the transcript and see what was put on the record because I don't see where Mr. Rockind has filed a demand for jury trial. On the other hand, I haven't done that in eight months because I always do it on the record and you haven't required me to file a written notice. So I'm going to be pulling the transcript to see if you told Mr. Rockind he had to file a written notice.
>
> *The Court*: Again, if you think you have a motion, you should bring it, but I don't want to delay this trial. Are you still asking for a bench trial and you did it on May 9th, is that correct?
>
> *Defense Counsel*: That's correct. I've re-confirmed that with my client this morning.
>
> *The Court*: We've got a note on the file that day that the Prosecutor has seven days to object in writing and we have not received any objections. I'll leave it up to Miss Matthews [the prosecutor] to do whatever she thinks appropriate.

On August 5, 1996, after obtaining and reviewing the May 9, 1996, arraignment transcript, the prosecution submitted a proposed seven-day order granting defendant's request for a bench trial "over the People's objection." No objections were received and

consequently the proposed order was entered on August 28, 1996.

MCL 763.3(1); MSA 28.856(1) states that a defendant may not waive a jury trial without the consent of the prosecutor. Specifically, it provides:

> In all criminal cases arising in the courts of this state the defendant may, with the consent of the prosecutor and approval by the court, waive a determination of the facts by a jury and elect to be tried before the court without a jury. Except in cases of minor offenses, the waiver and election by a defendant shall be in writing signed by the defendant and filed in the case and made a part of the record. The waiver and election shall be entitled in the court and case, and in substance as follows: "I, _____, defendant in the above case, hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a judge of the court in which the case may be pending. I fully understand that under the laws of this state I have a constitutional right to a trial by jury."

> _____
> Signature of defendant.

Similarly, MCR 6.401 provides:

> The defendant has the right to be tried by a jury, or may, with the consent of the prosecutor and approval by the court, elect to waive that right and be tried before the court without a jury.

In *People v Kirby*, 440 Mich 485, 487; 487 NW2d 404 (1992), the Supreme Court upheld the constitutionality of MCL 763.3(1); MSA 28.856(1), holding that, while a criminal defendant's right to trial by jury is guaranteed by the Michigan and United States Constitutions, there is no constitutional right to waive a jury. The Court stated that the right to waive a jury arises only by statute and, accordingly, any legislative

conditions placed upon that statutory right do not establish a constitutional violation. *Kirby, supra* at 493.

On appeal, neither side challenges the applicability or legal effect of MCL 763.3(1); MSA 28.856(1). Both sides agree that the statute requires the consent of the prosecutor before a trial court may accept a defendant's waiver of a jury trial. However, the parties disagree with regard to whether the court here accepted defendant's jury waiver in violation of the terms of the statute.

At the June 10, 1996, proceeding, the court indicated that it was granting defendant's request for a bench trial because, "We've got a note on the file that day [May 9, 1996] that the prosecutor has seven days to object in writing and we have not received any objections." Thus, the record indicates that the court granted defendant's request for a bench trial because the prosecutor failed to file, within seven days of defendant's request, either written objections to defendant's request or a written demand for a jury trial.

On appeal, the prosecution claims that the statute and the court rule require the people's affirmative consent to a bench trial, not the people's written demand for a jury trial or written objections to a bench trial. It contends that because the people did not affirmatively consent in this case, the court's ruling is in violation of the statute and the court rule. Defendant claims that any right to insist on a jury trial was waived because the prosecution did not assert such right in a written demand for jury trial.

Although the court's ruling was predicated on the prosecution's failure to file a written demand for jury

trial within seven days, it is unclear whether the court viewed this as (1) a legal omission—the failure by the prosecution to preserve its statutory right to insist on a jury trial—or (2) a "factual" omission—evidence of the prosecution's consent to the jury waiver by defendant. Accordingly, we will address both issues.

The first question, whether a trial court may, as a matter of law, require the prosecutor to file a written demand for jury trial in order to preserve the statutory right to insist on a jury trial, involves statutory interpretation. The primary goal when interpreting statutes is to ascertain and facilitate the intent of the Legislature. *People v Stanaway*, 446 Mich 643, 658; 521 NW2d 557 (1994). The Legislature is presumed to intend the meaning it plainly expresses. *People v Roseburgh*, 215 Mich App 237, 239; 545 NW2d 14 (1996). Where the language of a statute is clear, there is no need for judicial interpretation, and courts must apply the statute as written. *Id.*

MCL 763.3(1); MSA 28.856(1) states that a defendant may elect to waive the right to a jury trial "with the consent of the prosecutor." Thus, the statute allows the prosecutor, over a defendant's objection, to insist on a jury trial by refusing to consent to the defendant's election to waive a jury. There is no explicit requirement in the statute that the prosecutor must file a written demand for jury trial to preserve the statutory right to insist on a jury trial. Further, while the statute explicitly states that a *defendant's* waiver and election "shall be in writing signed by the defendant," no such writing requirement is imposed with respect to the consent of the prosecutor. Courts cannot assume that the Legislature inadvertently omitted from one part of a statute language that is

expressly included in another part and then, on the basis of that assumption, apply what is not there. See *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993). Therefore, we believe that, with respect to a prosecutor's consent, a writing requirement may not properly be implied.

Defendant also relies on MCR 2.508 in support of his claim that the prosecution, by failing to file a written demand for jury trial, waived its right to insist on a jury trial. To be sure, under MCR 2.508(D)(1), failure to file a written demand for a jury trial constitutes a waiver of the right to trial by jury. However, as defendant acknowledges, MCR 2.508 applies to *civil* proceedings. MCR 2.001. Under MCR 6.001(D), the rules applicable to civil procedure may be applied to criminal actions, except when otherwise provided by rule or statute, when it clearly appears that they apply to civil actions only, or when a statute or court rule provides a like or different procedure. Because a different procedure for the waiver of jury trials in criminal cases is provided by MCL 763.3(1); MSA 28.856(1), and also by MCR 6.401 and 6.402, we do not believe that MCR 2.508 applies here.

Accordingly, for the reasons discussed above, we find that the prosecutor is not required to file a written demand for jury trial in order to preserve the statutory right under MCL 763.3(1); MSA 28.856(1) to insist on a jury trial. While a prosecutor may well choose, as a matter of prudence, to file a written jury demand in a given case in order to document his refusal to assent to a jury waiver, the failure to do so should not by itself be viewed as a waiver of the right to insist on a jury trial.

The second question in the instant case involves the issue of consent. Because MCL 763.3(1); MSA 28.856(1) conditions a defendant's election to be tried without a jury on the consent of the prosecutor, the pertinent inquiry is whether the prosecution's consent may be implied from the record.

As an initial matter, we reject the prosecution's claim that the consent required by MCL 763.3(1); MSA 28.856(1) may not be implied. In *People v Gist*, 188 Mich App 610, 612; 470 NW2d 475 (1991), this Court specifically held that the prosecutor's consent to a defendant's jury waiver could be "implied by the absence of any objection."

However, whether implied consent is demonstrated by the record here is another question. In *Osner v Boughner*, 180 Mich App 248, 266; 446 NW2d 873 (1989), citing Black's Law Dictionary (5th ed) at 276, this Court observed that "[i]mplied consent has been defined as 'that manifested by signs, actions, or facts, or by inaction or silence, which raise a presumption that the consent has been given.' "

Here, if the prosecutor had merely expressed an intent to file a written jury demand, without stating anything else regarding the people's position on the issue of jury waiver, a case of implied consent arguably could be made out by virtue of his subsequent failure to file a jury demand. However, the statement of intent to file a written demand for jury trial was immediately preceded by a statement, in response to defendant's request to waive a jury, that the prosecutor wished to preserve his right to a jury trial. Furthermore, the prosecutor explained the basis for his intent to file a written jury demand: "I know this Court requires a written demand for jury trial." This

explanation, in conjunction with the prosecutor's immediately preceding statement announcing his desire to preserve the right to a jury trial, indicates that a written jury demand was intended only to satisfy the court's policy, not to establish the people's position with respect to the issue of jury waiver. In the context of the explicit oral reservation of the right to jury trial, we do not believe that the failure to follow the court's instruction to file a written jury demand within seven days of its order establishes implied consent by the prosecutor to defendant's waiver of a jury trial. The prosecutor's conduct did not "raise a presumption that the consent ha[d] been given." *Osner, supra* at 266.

Reversed.