*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMIE JEAN ZAMBON, formerly known as JAMIE JEAN TASSON,

        Defendant-Appellant.

UNPUBLISHED
November 10, 2022

No. 357723
Marquette Circuit Court
LC No. 17-056182-FH

Before: MURRAY, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying her motion to set aside the orders that extended the term of her probation. We reverse and remand.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In November 2017 defendant pleaded guilty to one count of embezzlement of $50,000 or more but less than $100,000, MCL 750.174(6). On January 18, 2018, she was sentenced to 180 days' imprisonment[2] and an 18-month term of probation. The conviction arises from defendant having embezzled funds from a former employer for her personal gain. As a result, defendant's probation conditions required her to make monthly restitution payments.

Defendant was compliant with the terms of probation. On June 21, 2019, defendant's probation officer, Eric Mason, drafted a motion requesting the trial court discharge defendant from probation. The draft motion was sent directly to the trial court judge. On July 3, 2019—15 days before defendant's probation was to expire—the trial court sent the parties a notice of hearing

---

[1] *People v Zambon*, unpublished order of the Court of Appeals, entered December 7, 2021 (Docket No. 357723).

[2] Defendant was ordered to serve three months' imprisonment, with the rest of the term deferred.

scheduled for August 9, 2019.[3]  Rather than hold a hearing, the trial court conducted an off-the-record "in-chambers conference" with Mason, the prosecutor, and defense counsel, during which they discussed defendant's discharge.  Defendant was not present at this conference.  Afterwards, the trial court entered an order directing the parties to:

> [D]etermine whether there is agreement on the amount of restitution payments made to date.  If so, that amount should be reduced to writing so that the court file can reflect the accurate restitution amount remaining owed.  If such a stipulation is received, the Court will then sign the order terminating probation supervision as the probation period has expired and there have been no violations.

After a second off-the-record in-chambers conference with the attorneys and the judge, the trial court scheduled a hearing for October 14, 2019.  At that hearing, the trial court stated that it would enter an order extending the original 18-month term of probation by 12 months, after which it would consider terminating probation.  The trial court explained that its "focus is compliance with a longer period of time than the 18-month term originally ordered."  The order extending probation was entered two days later.  Several months later, defendant was charged with embezzlement in a separate case—consequently, the trial court entered another order extending defendant's term of probation until January 8, 2023.

Defendant moved to set aside the two orders extending the term of probation under our Supreme Court's opinion in *People v Vanderpool*, 505 Mich 391; 952 NW2d 414 (2020).  The trial court distinguished this case from *Vanderpool*, and denied defendant's motion to set aside the orders extending the term of probation.  This appeal followed.

## II.  STANDARD OF REVIEW

Questions of both statutory and constitutional interpretation are reviewed de novo. *Vanderpool*, 505 Mich at 397.

> [T]he primary goal when interpreting a statute is to ascertain and facilitate the intent of the Legislature.  Under the rules of statutory construction, the Legislature is presumed to have intended the meaning it plainly expressed.  Where the language of a statute is clear, there is no need for interpretation and courts must apply the statute as written.  [*People v Roseburgh*, 215 Mich App 237, 239; 545 NW2d 14 (1996) (citations omitted).]

---

[3] The hearing was originally scheduled for August 2, 2019, and was later rescheduled for August 9, 2019.

### III. LAW AND ANALYSIS

Defendant argues the trial court erred when it denied her motion to set aside the orders extending the term of probation. According to defendant, probation had expired; therefore, the trial court lacked further authority to modify the term of probation. We agree.

In sentencing a criminal defendant, it is up to the trial court to "fix and determine" the period and conditions of probation and the trial court "may amend the order in form or substance at any time." MCL 771.2(5).[4] At the time defendant was sentenced, the trial court could not impose a probationary period greater than five years for felony convictions. MCL 771.2(1). The former version of MCL 771.4 provided in part:

> If during the probation period the sentencing court determines that the probationer is likely again to engage in an offensive or criminal course of conduct or that the public good requires revocation of probation, the court may revoke probation. All probation orders are revocable in any manner the court that imposed probation considers applicable either for a violation or attempted violation of a probation condition or for any other type of antisocial conduct or action on the probationer's part for which the court determines that revocation is proper in the public interest.

There are also certain guidelines when a probationary period nears its end. Under MCL 771.5(1):

> When the probation period terminates, the probation officer shall report that fact and the probationer's conduct during the probation period to the court. Upon receiving the report, the court may discharge the probationer from further supervision and enter a judgment of suspended sentence or extend the probation period as the circumstances require, so long as the maximum probation period is not exceeded.

"When a probationer is discharged upon the expiration of the probation period, or upon its earlier termination by order of the court, entry of the discharge shall be made in the records of the court, and the probationer shall be entitled to a certified copy thereof." MCL 771.6.

In *Vanderpool*, our Supreme Court considered whether a trial court retained authority to modify a term of probation after the term had expired. *Vanderpool*, 505 Mich at 396. The Court held that, while a trial court may modify a term of probation by either extending or discharging the term, it may only do so if the term of probation had not already expired. *Id*. at 404. If a trial

---

[4] Effective April 1, 2021, the code of criminal procedure underwent a statutory overhaul. See 2020 PA 397. Because statutory amendments are presumed to operate prospectively, and because the pertinent events in this case arose before the amendments became effective, we apply the statutory provisions as they were written before the 2021 amendments. See *People v Campbell*, 289 Mich App 533, 535; 798 NW2d 514 (2010).

court fails to extend the term of probation on or before its expiration, then probation terminates and the trial court has no continued authority to modify it. *Id*. at 404-405.

Here, it is undisputed that defendant's term of probation expired on July 18, 2019. That date passed, and the trial court had not entered an order modifying defendant's probation. Under *Vanderpool*, a trial court retains authority to modify the term of probation, but only if the trial court exercises this authority *on or before* the date probation expires. *Id*. at 403-404. Because the trial court in this case failed to enter an order modifying probation on or before July 18, 2019, the trial court lacked authority to make any after-the-fact modifications to defendant's probation. Therefore, the trial court erred when it denied defendant's motion to set aside the orders extending the term of probation.[5]

The prosecution argues that this case is distinguishable from *Vanderpool* because "[o]n July 3, 2019, prior to [d]efendant's probation term expiring, the [trial court] entered an order to review [d]efendant's discharge from probation and an in-chambers conference was held on August 9, 2019." But no such order was entered; instead, the prosecution's arguments mischaracterize the July 3, 2019 *notice to appear* at a hearing. Again, a trial court retains authority to modify a term of probation only if the trial court specifically extends the term on or before the expiration date. *Vanderpool*, 505 Mich at 399. The prosecution does not argue the July 3, 2019 notice to appear extended the term of probation. Rather, the prosecution argues that the notice operated as a placeholder—effectively pausing defendant's probation—until the trial court could enter an order either discharging or extending the term of probation. The prosecution does not offer any authority in support of this argument. "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004). Thus, the prosecution has abandoned this argument on appeal. *Id*. However, if we were to consider the substance of the issue, the notice to appear did not preserve the trial court's authority under the order of probation because the notice did nothing but order the parties to appear before the court.

The prosecution also contends that the holding in *Vanderpool* should not have retroactive effect on the trial court's orders extending probation. We acknowledge that the trial court orders extending defendant's probation are dated before our Supreme Court's decision in *Vanderpool*. However, judicial decisions are generally afforded "full retroactive effect." *People v Carter*, 488 Mich 925 (2010) (MARKMAN, J., concurring) (quotation marks and citation omitted). And, "complete prospective application is limited to decisions that overrule clear and uncontradicted caselaw." *People v Johnson*, 302 Mich App 450, 464; 838 NW2d 889 (2013). To determine whether a decision should be given retroactive effect, the following factors are considered: "(1) the purpose to be served by the new rule; (2) the extent of reliance on the old rule; and (3) the effect

---

[5] The dissent in *Vanderpool* made the persuasive argument that the trial court retains authority to extend probation if the trial court has not already formally discharged the defendant from probation under MCL 771.6. *Vanderpool*, 505 Mich at 410 (ZAHRA, J., dissenting). In this case, the trial court never formally discharged defendant from probation. By the dissent's reasoning, the trial court would have retained authority to extend defendant's probation. However, "stare decisis, provides that a decision of the majority of justices of the Michigan Supreme Court is binding on lower courts." *People v Beasley*, 239 Mich App 548, 559; 609 NW2d 581 (2000).

of retroactivity on the administration of justice." *Carter*, 488 Mich 925 (quotation marks and citation omitted). Contrary to the prosecution's assertions, none of these factors weighs against giving retroactive effect to *Vanderpool*.

Regarding the first factor, *Vanderpool* did not announce a "new rule" but rather, applied the "unambiguous" language of the statutory scheme by requiring a trial court to "make a decision as to whether to amend the [probation] order *before* a probationer is discharged upon the expiration of the probation period," *Vanderpool*, 505 Mich at 399-400, 406. The prosecution also contends that *Vanderpool* overruled *People v Marks*, 340 Mich 495; 65 NW2d 698 (1954); therefore, the trial court was entitled to rely on the "old rule" articulated in *Marks*. However, *Vanderpool* specifically distinguished *Marks*, as opposed to overruling clear and uncontradicted caselaw. *Vanderpool*, 505 Mich at 401. Finally, application of *Vanderpool* would have a limited effect on the administration of justice because courts are already bound to follow the plain, unambiguous language of a statute. *Roseburgh*, 215 Mich App at 239. Our Supreme Court reiterated this in *Vanderpool* when it reasoned that the plain language of the relevant statutes allows a trial court to modify a term of probation only on or before the date of expiration. *Vanderpool*, 505 Mich at 399. As such, we reject the prosecution's argument that we should decline giving retroactive effect to *Vanderpool*.

Because we conclude that the trial court erred in denying defendant's motion to set aside the orders extending probation, we decline to address defendant's arguments that the trial court was bound to find a probation violation before extending probation, and that the trial court's orders were fundamentally unfair.

Reversed and remanded for an order consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron