*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BOBBI JO GODFREY,

        Defendant-Appellant.

FOR PUBLICATION
November 21, 2023
9:00 a.m.

No. 361770
Delta Circuit Court
LC No. 19-009876-FH

Before: MURRAY, P.J., and CAMERON and PATEL, JJ.

CAMERON, J.

Defendant appeals as of right the trial court's April 28, 2022 judgment of sentence ordering defendant to serve 12 months' imprisonment and to pay court costs. Defendant specifically challenges the imposition of $615 in tether fees. We conclude these fees are statutorily permissible under MCL 769.1k(2), and that the trial court did not violate defendant's substantial rights by imposing them. Therefore, we affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Defendant was previously convicted of possession of methamphetamine, MCL 333.7403(2)(b)(*i*). She was sentenced as a third-offense habitual offender, MCL 769.11(1)(a), and was ordered to serve 3 to 20 years' imprisonment. Defendant filed leave to appeal in this Court, which we granted. *People v Godfrey*, unpublished per curiam opinion of the Court of Appeals, issued April 7, 2022 (Docket No. 355826), p 1.

While the appeal was pending, defendant moved the trial court to be released on bond. The trial court granted defendant's request for bond pending her appeal, explicitly stating "bond must be sufficient to guarantee the appearance of the defendant." The court ordered, in relevant part, that defendant be "outfitted with a GPS Tether within 24 hours of her release from the Michigan Department of Corrections [(MDOC)]." It also ordered that "the installation fee as well as a payment of 2 months of tether fees be paid up front prior to the Tether being installed and prior to the Defendant's release from MDOC." This Court later upheld defendant's conviction, but we vacated defendant's sentence and remanded the case to the trial court for resentencing. *Godfrey*, unpub op at 1-2.

At defendant's resentencing hearing, defendant acknowledged that she owed $615 in tether fees. The trial court then sentenced defendant to 12 months in jail, with credit for 913 days served, and declined "to impose any additional probation given [defendant's] performance on bond." The trial court further stated: "I'll add a sixty-eight dollar state cost and the crime victim assessment of one hundred and thirty dollars." The trial court later entered an amended judgment of sentence, which waived attorney fees, but ordered defendant to pay the state minimum cost, the crime victim rights assessment, and $615 for her tether fees. Defendant paid the tether fees soon after sentencing. This appeal followed.

## II. TETHER FEES

Defendant argues the trial court erred in imposing tether fees because these fees are not authorized by statute. Alternatively, she claims that reversal is warranted because the trial court failed to state on the record the entire sentence imposed. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

A criminal defendant preserves an issue concerning the imposition of costs, fines, and assessments by objecting in the lower court. *People v Konopka*, 309 Mich App 345, 356; 869 NW2d 651 (2015). Although the trial court did not specifically state on the record that the sentence would include defendant's tether fees, defendant did not object to these fees after the judgment of sentence was entered. Therefore, this issue is unpreserved for our review. *Id*.

Because this issue is unpreserved, our review is for plain error affecting substantial rights. *Id*. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error affects substantial rights when it "affected the outcome of the lower court proceedings." *Id*. But, reversal is at the discretion of the appellate court. *Id*. And "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (quotation marks, alterations, and citation omitted).

This case also involves the interpretation of statutes and court rules, which we review de novo. *People v Lee*, 489 Mich 289, 295; 803 NW2d 165 (2011). Courts interpret statutes and court rules in the same manner. *People v Traver*, 502 Mich 23, 31; 917 NW2d 260 (2018).

> [T]he primary goal when interpreting a statute is to ascertain and facilitate the intent of the Legislature. Under the rules of statutory construction, the Legislature is presumed to have intended the meaning it plainly expressed. Where the language of a statute is clear, there is no need for interpretation and courts must apply the statute as written. [*People v Roseburgh*, 215 Mich App 237, 239; 545 NW2d 14 (1996) (citations omitted).]

## B. LAW AND ANALYSIS

"In Michigan, a court cannot impose penalties or costs in a criminal case unless specifically authorized by statute." *In re Killich*, 319 Mich App 331, 336; 900 NW2d 692 (2017). MCL 769.1k

allows the trial court to impose fines, costs, and assessments at sentencing. Under MCL 769.1k(2), "the court may order the defendant to pay any additional costs incurred in compelling the defendant's appearance." The issue in this case is whether MCL 769.1k(2) permits the trial court's imposition of fees related to defendant's GPS tether.

A GPS tether device is a tool used by courts to remotely surveil defendants. See *People v Britt*, 202 Mich App 714, 717; 509 NW2d 914 (1993). Given this capability, a tether may also secure a criminal defendant's appearance at later court hearings. Because it is a device that can be used to compel a defendant's appearance, requiring a defendant to bear the cost of a GPS tether is statutorily permissible under MCL 769.1k(2). That said, there must also be evidence demonstrating that the GPS tether was imposed for the purpose of securing a defendant's appearance.

In determining whether defendant was entitled to bond, the trial court stated: "[B]ond must be sufficient to guarantee the appearance of the defendant . . . ." It went on to order the GPS tether and the cost associated with it. Given this context, there were sufficient facts demonstrating the GPS tether was to secure defendant's appearance at later court hearings, and the trial court did not err when it imposed this fee at defendant's resentencing. Thus, there is nothing patently erroneous with the trial court's imposition of tether-related fees in defendant's sentence.

At any rate, the trial court failed to state on the record its intention to impose fees related to defendant's tether. "At sentencing, the court must, on the record . . . state the sentence being imposed . . . ." MCR 6.425(D)(1)(d). The trial court plainly erred when it did not state on the record that it was imposing $615 related to defendant's tether fees.

The question then is whether this error warrants our reversal. Again, reversal is only warranted when the error results in the conviction of an actually innocent defendant, or where the error "affected the fairness, integrity or public reputation of judicial proceedings." *Carines*, 460 Mich at 763-764. This error did not result in the conviction of an actually innocent defendant. Similarly, it did not affect "the fairness, integrity or public reputation" of the proceedings. *Id*. The $615 tether fee was discussed at length at the resentencing hearing and defendant admitted to owing the fee. Further, defendant promised to pay the fee, and promptly paid it the following day. Because defendant acknowledged—and satisfied—her obligation to pay these fees, the trial court's failure to state on the record its imposition of tether fees is not a reversible error.

Affirmed.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Sima G. Patel

-3-