*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 20, 2025
9:03 AM

Plaintiff-Appellee,

v

No. 369681
Montcalm Circuit Court
LC No. 2023-030232-FC

WILLIAM ROBERT CHILDS,

Defendant-Appellant.

Before: GADOLA, C.J., and CAMERON and ACKERMAN, JJ.

PER CURIAM.

Defendant, William Robert Childs, appeals as of right his jury trial convictions of six counts of first-degree criminal sexual conduct (CSC-I) (victim less than 13 years of age and defendant 17 years of age or older), MCL 750.520b(2)(b); ten counts of CSC-I (victim between the ages of 13 and 16 who is related to defendant), MCL 750.520b(1)(b); one count of CSC-I (sexual penetration during the commission of another felony), MCL 750.520b(1)(c); and two counts of third-degree criminal sexual conduct (CSC-III) (sexual penetration with another person by the use of force or coercion), MCL 750.520d(1)(b).[1]  Defendant was sentenced to 25 to 75 years' imprisonment for the CSC-I convictions under MCL 750.520b(2)(b); 285 months' to 75 years' imprisonment for the CSC-I convictions under MCL 750.520b(1)(b); 225 months' to 75 years' imprisonment for the CSC-I conviction under MCL 750.520b(1)(c); and 10 to 15 years' imprisonment for the CSC-III convictions.  We affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case involves the nearly 10 years-long sexual abuse by defendant of his stepdaughter, JM, starting when she was six years old.  Defendant sexually assaulted JM regularly, sometimes multiple times per day.  At one point defendant involved JM's mother in the abuse, and the pair sexually assaulted JM together.  These events escalated on December 9, 2022, when defendant

---

[1] Defendant was acquitted of one count of solicitation of CSC-III (victim at least 13 but less than 16 years old), MCL 750.520d(1)(a).

-1-

hosted a party at his house. In attendance were JM's 17-year-old friend, MS, and the mother's male coworker. Defendant sexually assaulted both JM and MS during the party and he later invited the coworker to participate in the assaults.

Defendant was arrested after MS disclosed the incidents to her grandmother, who reported them to law enforcement. JM, MS, JM's mother, and the coworker testified about defendant's involvement in the assaults. Defendant categorically denied the allegations, testifying that JM was assaulted by third parties. The prosecutor objected to this testimony on the basis of Michigan's rape-shield statute, MCL 750.520j, which the trial court sustained. Defendant was convicted as noted. This appeal followed.

Following his claim of appeal, defendant moved this Court to remand this case for a *Ginther*[2] hearing, asserting defense counsel was ineffective for failing to file the 10-day notice required to introduce specific instances of the victim's sexual conduct under MCL 750.520j, and for failing to request funds for an expert witness. We denied the motion.[3]

## II. STANDARD OF REVIEW

"Whether a defendant was deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law." *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). Questions of fact are reviewed for clear error, and legal questions, such as those involving statutory interpretation, are reviewed de novo. *People v Lee*, 489 Mich 289, 295; 803 NW2d 165 (2011); *Head*, 323 Mich App at 539.

> [T]he primary goal when interpreting a statute is to ascertain and facilitate the intent of the Legislature. Under the rules of statutory construction, the Legislature is presumed to have intended the meaning it plainly expressed. Where the language of a statute is clear, there is no need for interpretation and courts must apply the statute as written. [*People v Roseburgh*, 215 Mich App 237, 239; 545 NW2d 14 (1996) (citations omitted).]

Because no evidentiary hearing was held, our review is limited to mistakes apparent from the record. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020).

## III. LAW AND ANALYSIS

Defendant argues his defense counsel was ineffective for failing to (1) move to admit evidence of JM's sexual conduct with third parties and (2) secure funds for an expert witness. Defendant believes this evidence was dispositive, and that he was prejudiced when counsel failed to present it. We disagree.

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[3] *People v Childs*, unpublished order of the Court of Appeals, entered July 18, 2024 (Docket No. 369681).

Criminal defendants in Michigan have a constitutional right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012). "A defendant seeking a new trial on the ground that trial counsel was ineffective bears a heavy burden." *People v Carbin*, 463 Mich 590, 599; 623 NW2d 884 (2001). To justify relief, a defendant must satisfy the two-part test articulated in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). *Carbin*, 463 Mich at 599-600. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not performing as the 'counsel' guaranteed by the Sixth Amendment." *Id*. at 600, quoting *Strickland*, 466 US at 687 (some quotation marks omitted). This requires the defendant to overcome the "strong presumption that counsel's performance constituted sound trial strategy." *Carbin*, 463 Mich at 600.

"Second, the defendant must show that the deficient performance prejudiced the defense." *Id*., quoting *Strickland*, 466 US at 687. "To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Carbin*, 463 Mich at 600. A reasonable probability occurs when the "probability [is] sufficient to undermine confidence in the outcome." *Id*., quoting *Strickland*, 466 US at 694. "Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim." *Carbin*, 463 Mich at 600.

## A.  JM'S PRIOR SEXUAL CONDUCT

Defendant first challenges defense counsel's failure to seek admission of JM's prior sexual conduct with third parties. Michigan's rape-shield statute provides:

> (1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:
>
> (a) Evidence of the victim's past sexual conduct with the actor.
>
> (b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.
>
> (2) If the defendant proposes to offer evidence described in subsection (1)(a) or (b), the defendant within 10 days after the arraignment on the information shall file a written motion and offer of proof. The court may order an *in camera* hearing to determine whether the proposed evidence is admissible under subsection (1). If new information is discovered during the course of the trial that may make the evidence described in subsection (1)(a) or (b) admissible, the judge may order an *in camera* hearing to determine whether the proposed evidence is admissible under subsection (1). [MCL 750.520j (citations omitted).]

Similarly, former MRE 404(a)[4] stated:

> (a) Character Evidence Generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> \* \* \*
>
> (3) Character of Alleged Victim of Sexual Conduct Crime. In a prosecution for criminal sexual conduct, evidence of the alleged victim's past sexual conduct with the defendant and evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease[.]

Defendant first argues that evidence of JM's prior sexual conduct with third parties was necessary to impeach the mother's testimony. But, because this evidence does not involve JM's past sexual conduct with defendant, or "the source or origin of semen, pregnancy, or disease," it does not fall into either of the exceptions to the rape-shield statute. MCL 750.520j(1). The trial court thus correctly concluded this evidence was inadmissible.

Even so, defendant believes that this evidence would have been admissible had counsel complied with the rape-shield statute's notice requirement. The notice requirement states: "If the defendant proposes to offer evidence described in subsection (1)(a) or (b), the defendant within 10 days after the arraignment on the information shall file a written motion and offer of proof." MCL 750.520j(2). Again, the proposed evidence was not "evidence described in subsection (1)(a) or (b)." MCL 750.520j(2). Thus, even if defense counsel had complied with the notice requirement, the trial court would have properly rejected the proposed evidence because it did not fall into either subsection (1)(a) or (b).

Defendant also argues that evidence of JM's prior sexual conduct with third parties was relevant to show that her age-inappropriate sexual knowledge came from someone other than defendant and that the omission of this evidence interfered with his constitutional right to confront JM and present a defense. We acknowledge that, "[i]n certain limited situations, evidence that is not admissible under one of the statutory exceptions may nevertheless be relevant and admissible to preserve a criminal defendant's Sixth Amendment right of confrontation." *People v Benton*, 294 Mich App 191, 197; 817 NW2d 599 (2011). Similarly, in *People v Morse*, 231 Mich App 424, 436; 586 NW2d 555 (1998), we held that evidence of a child-victim's earlier sexual abuse may be admissible to explain the victim's age-inappropriate sexual knowledge. In examining the admissibility of such evidence, a trial court "must balance the rights of the victim and the defendant in each case." *Benton*, 294 Mich App at 198. Courts "should be mindful of the significant legislative purposes underlying the rape-shield statute and should always favor exclusion of evidence of a complainant's sexual conduct where its exclusion would not unconstitutionally

---

[4] The Michigan Rules of Evidence were recently amended. See Administrative Order No. 2021-10, 512 Mich lxxi (2023), effective January 1, 2024. Because this case occurred before these amendments became effective, the former version of the rules of evidence applies.

abridge the defendant's right to confrontation." *Id.* at 197-198 (quotation marks and citation omitted).

Morse outlines the test for cases in which a defendant seeks admission of a child-victim's prior sexual conduct for purposes of explaining the victim's age-inappropriate sexual knowledge:

> Michigan law dictates that an *in-camera* hearing is appropriate to determine whether: (1) defendant's proffered evidence is relevant, (2) defendant can show that another person was convicted of criminal sexual conduct involving the complainants, and (3) the facts underlying the previous conviction are significantly similar to be relevant to the instant proceeding. [*Morse*, 231 Mich App at 437.]

Defendant fails to establish *Morse*'s first prong. While defendant's testimony alluded to then-fifteen-year-old JM's sexual conduct with other individuals, there was no evidence in the record evincing any *criminal* sexual conduct involving JM. Similarly, in defendant's arguments on appeal, he vaguely suggests that JM had other sexual encounters, but offers no evidence of the same. Under the test articulated in *Morse*, a defendant must proffer evidence before a court can entertain the admission of prior sexual conduct involving a child victim. *Morse*, 231 Mich App at 437. Had defense counsel moved to admit evidence of JM's prior sexual conduct, the motion would have been denied at the outset for failure to proffer any evidence.

Ironically, defendant introduced at trial some of the very same evidence defendant now claims was erroneously excluded. Specifically, defendant testified that JM had sexual encounters with other people, and JM herself testified at-length about a consensual sexual encounter with MS. Defense counsel was thus not ineffective for failing to move to admit specific evidence of JM's sexual conduct in order to explain her age-inappropriate sexual knowledge. *People v Riley*, 468 Mich 135, 142; 659 NW2d 611 (2003) ("Ineffective assistance of counsel cannot be predicated on the failure to make a frivolous or meritless motion.").

## B. EXPERT WITNESS

Defendant next argues counsel was ineffective for failing to request funds to hire an expert witness to testify on his behalf. His argument on this point is limited to part of a sentence, stating: "Mr. Childs' trial counsel's performance fell below an objective standard of reasonableness . . . by failing to locate and utilize an expert to testify regarding potential fabrication, among other general characteristics." "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004). Defendant's failure to offer any substantive argument in support of his assertion constitutes abandonment of the issue.

But, even considering the argument, it lacks merit. Again, a defendant claiming ineffective assistance must establish the factual predicate for their claim. *Carbin*, 463 Mich at 600. Defendant offers no explanation as to why an expert would have assisted in his case, or why he was prejudiced by the absence of one. This Court cannot therefore determine whether defense counsel was ineffective and defendant's argument on this point lacks merit. See *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998) ("An appellant may not merely announce his position and

leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.").

Affirmed.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Matthew S. Ackerman